IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 19-357 |
| RAVITEJ REDDY | |

## AMENDED INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Eric G. Olshan, Assistant United States Attorney for said District, and submits this Amended Information Memorandum to the Court:

## I. THE INFORMATION

A four-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Pay and Receive Kickbacks May 2018 to April 12, 2019. | 18 U.S.C. § 371 |
| 2 | Conspiracy to Pay and Receive Kickbacks October 2018 to April 12, 2019. | 18 U.S.C. § 371 |
| 3 | Conspiracy to Pay Kickbacks October 2018 to April 12, 2019. | 18 U.S.C. § 371 |

| 4 | Offering and Paying Kickbacks in Connection with a Federal Health Care Program | 42 U.S.C. § 1320a-7b(b)(2)(A) |

October 2017 to April 2019.

## II. ELEMENTS OF THE OFFENSE

### A.    As to Counts 1 to 3:

In order for the crime of Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit offenses against the United States, as charged in the Indictment;

2.    That the defendant was a party to or member of that agreement;

3.    That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### B.    As to Count 4:

In order for the crime of Offering and Paying Kickbacks in Connection with a Federal Health Care Program, in violation of 18 U.S.C. § 1320a-7b(b)(2)(A), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the defendant offered or paid any remuneration, including any kickback, bribe, or rebate, directly or indirectly, overtly or covertly, in cash or in kind to any person;

2.    That the defendant offered or paid such remuneration to induce such person to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, including Medicare; and

3.    That the defendant acted knowingly and willfully.

42 U.S.C § 1320a-7b(b)(2)(A); United States v. Vernon, 723 F.3d 1234, 1252 (11th Cir. 2013).

## III.  PENALTIES

**A.    As to  Counts 1 to 3: Conspiracy to Commit an Offense Against the United States  ( 18 U.S.C. § 371):**

1.    A term of imprisonment of not more than 5 years.

2.    A fine of not more than the greater of (i) $250,000 or (ii) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3.    A term of supervised release of not more than 3 years.

**B.    As to  Count 4: Offering and Paying Kickbacks in Connection with a Federal Health Care Program (42 U.S.C. § 1320a-7b(b)(2)(A)):**

1.    A term of imprisonment of not more than 10 years.

2.    A fine of not more than the greater of (i) $250,000 or (ii) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary

loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3.      A term of supervised release of not more than 3 years.

## IV.  <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 at each count must be imposed upon conviction, pursuant to 18 U.S.C. § 3013.

## V.  <u>RESTITUTION</u>

Restitution may be required in this case as to Counts 1 to 4, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI.  <u>FORFEITURE</u>

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ Eric G. Olshan
ERIC G. OLSHAN
Assistant U.S. Attorney
IL ID No. 6290382